# UNITED STATES DISTRICT COURT

## Northern District of California

### Oakland Division

| | |
|---|---|
| LAURA V WHITSITT,<br><br>　　　　　Plaintiff,<br>　v.<br>COUNTY OF SAN MATEO,<br>　　　　　Defendant.<br>_____/ | No. C 10-04996 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>[ECF No. 36] |

## I. INTRODUCTION

Plaintiff Laura Whitsitt seeks leave to file a first amended complaint after the court granted Defendant County of San Mateo's motion for judgment on the pleadings as to Plaintiff's second claim, which alleged wrongful termination in violation of public policy. Plaintiff's Motion, ECF No. 36 at 1[1]; Order Granting Defendant's Motion, ECF No. 35 at 1-2. After conducting a hearing on January 19, 2012, the court denies Plaintiff's motion for leave to file a first amended complaint because Plaintiff failed to establish good cause for the delay and permitting the amendment would prejudice Defendant.

## II. FACTS

Plaintiff filed her complaint on November 4, 2010. Complaint, ECF No. 1 at 1. Plaintiff's

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
C 10-4996 LB

complaint alleged claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, and for wrongful termination in violation of public policy. *Id.* at 5-6.

Following the initial case management conference, the court issued its case management and pretrial order on March 10, 2011. Case Management and Pretrial Order, ECF No. 21. In relevant part, this order set April 8, 2011 as the date by which the parties must seek leave to add new parties or amend the pleadings. *Id.* at 2.

On December 2, 2011, the court granted Defendant's unopposed motion for partial judgment on the pleadings because Defendant, as a public entity, is statutorily immune from common law torts such as Plaintiff's original second claim, which asserted a common law claim for wrongful termination in violation of public policy. Order Granting Defendant's Motion, ECF No. 35 at 1-2.

On December 12, 2011, Plaintiff filed her motion for leave to file a first amended complaint. Plaintiff's Motion, ECF No. 36 at 1. On December 27, 2011, Defendant filed its opposition. Defendant's Opposition, ECF No. 37 at 1. On January 5, 2012, without explanation for the delay, Plaintiff filed an untimely reply. Plaintiff's Reply, ECF No. 38 at 1.[2]

### III.  LEGAL STANDARDS

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under

---

[2] Defendant objected to Plaintiff's untimely reply and its attached affidavit. ECF No. 39 at 1-2. Plaintiff filed a response that did not meaningfully address the issues. ECF No. 40 at 1-2. But, because the arguments raised in Plaintiff's late reply ultimately do not affect the court's decision, the court does not strike the late-filed brief.

rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

But motions to amend the pleadings filed after the date set in the court's scheduling order must satisfy the more stringent "good cause" showing required under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.

**IV. DISCUSSION**

A. Plaintiff's Diligence

Defendant argues Plaintiff cannot establish her diligence because she has not offered any explanation for her eight-month delay in seeking amendment and a minimal amount of legal research would have revealed that Plaintiff's common law claim of wrongful termination in violation of public policy could not be maintained against a public entity like Defendant. Defendant's Opposition, ECF No. 37 at 2-3.

In Plaintiff's late reply, she claims that Defendant's arguments regarding delay are disingenuous because Plaintiff's motion was a response to Defendant's motion for judgment on the pleadings, which was filed after the deadline for seeking leave to amend the pleadings. Plaintiff's Reply, ECF No. 38 at 1-2.

The court agrees that Plaintiff did not establish good cause for the delay. Plaintiff provides neither case law for its proposition nor any reasonable supporting analysis. At its core, Plaintiff's argument implies that it was Defendant's responsibility to make sure that Plaintiff conducted adequate preliminary research regarding the basic elements of Plaintiff's claims in a timely fashion. Such an argument fails to establish good cause. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *cf. Snyder v. City of Fallon*, 89 Fed. Appx. 653, 654 (9th Cir. 2004) (noting the general rule that a mistake of law does

1  not constitute excusable neglect). And, in any event, the court observes that Defendant raised the
2  statutory immunity issue in its answer, which was filed on December 8, 2010. *See* Defendant's
3  Answer, ECF No. 5 at 4.

4  B. Prejudice to Defendant

5  In cursory fashion, Plaintiff argues that Defendant will not be prejudiced by the amendment
6  because the discovery in this case already has inquired into the whistleblower allegations related to
7  the second claim in the original complaint and that the necessary discovery for the requested
8  amendment would be the same. Plaintiff's Motion, ECF No. 36 at 3-4; Plaintiff's Reply, ECF No.
9  38 at 2.

10  Defendant counters that a claim made under section 1102.5 of the California Labor Code has
11  specific statutory requirements – such as (1) the disclosure of a violation of state or federal statute,
12  rule or regulation to a government or law enforcement agency and (2) the exhaustion of
13  administrative remedies – that differ from the common law claim of wrongful termination in
14  violation of public policy and which would necessitate the reopening of discovery. Defendant's
15  Opposition, ECF No. 37 at 3. Defendant explains that, after conducting discovery into the new
16  claim, it would need time to file a dispositive motion, which would further delay trial and impose
17  significant additional costs. *Id.* at 3-4. Defendant also states that reopening discovery would
18  require resetting the pre-trial dates and dates for expert discovery. *Id.* at 4. Given these reasons,
19  Defendant contends that reopening discovery and delaying the proceedings would be prejudicial. *Id.*
20  at 3 (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)
21  ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding
22  of prejudice from a delayed motion to amend the complaint.")). Defendant also observes that some
23  courts presume prejudice where a motion to amend is brought late in the litigation. *Id.* (citing
24  *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999), and *Solomon v. North American*
25  *Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)).

26  The court agrees with Defendant that permitting the requested amendment would result in
27  prejudice because discovery has closed and the elements for a violation of section 1102.5 of the
28  California Labor Code differ from those required to establish a violation of the common law tort

claim of wrongful termination in violation of public policy. *See, e.g., Jhingan v. Roche Molecular Systems*, No. C 94–3176 SBA, 1996 WL 466577, at *3-*4 (N.D. Cal. May 13, 1996) (explaining that section 1102.5 requires the reporting of the alleged violation to a government or law enforcement agency while the common law tort does not).

C. Futility of the Amendment

Defendant also argues that the court should not permit Plaintiff to amend her complaint because the proposed amendments fail to state a claim for relief. Defendant's Opposition, ECF No. 37 at 4-5. Defendant claims that Plaintiff's proposed second claim fails because the proposed allegations (1) do not state that Plaintiff disclosed any information to a government or law enforcement agency as required by section 1102.5(b), (2) do not identify any laws or regulations that she was ordered to violate, and (3) do not state that she exhausted her administrative remedies under section 1102.5. *Id.*

In her late reply, Plaintiff argues that she exhausted her administrative remedies. Plaintiff's Reply, ECF No. 38 at 2-6. And Plaintiff claims that the case law does not definitively establish that she must exhaust her administrative remedies before the Labor Commissioner. *Id.* at 2-3 (citing *Paterson v. California Dept. General Servs.*, No. 2:05-cv-0827-MCE-JFM, 2007 WL 756954, *7 n. 5 (E.D.Cal. March 8, 2007)).

The administrative exhaustion issue is not clear. But the court need not decide the issue definitively because Plaintiff failed to establish good cause for the proposed late amendment and did not rebut Defendant's arguments regarding prejudice. Nevertheless, the court observes that reporting the alleged violation to a government or law enforcement agency is an element of a section 1102.5(b) claim. *See Jhingan*, 1996 WL 466577, at *3-*4; *see also Patten v. Grant Joint Union High School Dist.*, 134 Cal.App.4th 1378, 1384-85 (Cal. Ct. App. 2005) (discussing requirement that employee report violation to government agency). Neither the proposed amended complaint nor the declaration attached to Plaintiff's reply brief contained allegations regarding her reporting of the alleged violations to a government or law enforcement agency. On the record before it, the court finds it unlikely that Plaintiff could state a claim (a difficult claim in any even) that would survive a dispositive motion.

///

## V.  CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's motion for leave to file a first amended complaint.

This disposes of ECF No. 36.

**IT IS SO ORDERED.**

Dated: January 20, 2012

_____
LAUREL BEELER
United States Magistrate Judge