UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| LAURA V WHITSITT,<br><br>                Plaintiff,<br>   v.<br>COUNTY OF SAN MATEO,<br><br>                Defendant.<br>_____/ | No. C 10-04996 LB<br><br>**ORDER RE 12/19/2011 JOINT DISCOVERY LETTER; ORDER REFERRING CASE TO SETTLEMENT CONFERENCE** |

The parties filed[1] a joint discovery letter dated December 19, 2011 in which Plaintiff Laura Whitsitt argues that she is entitled to take the depositions of the nine individuals whose depositions were noticed by Plaintiff for December 9, 2011. 12/19/2011 Joint Discovery Letter at 1. Defendant County of San Mateo opposes Plaintiff's request. *Id.*

Rule 30(b)(1) of the Federal Rules of Civil Procedure requires parties to provide "reasonable notice" of depositions. Fed. R. Civ. P. 30(b)(1). This is a fact-specific inquiry.

A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b). This "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). Additionally, Civil Local Rule 37-3 provides, "Discovery requests that call for responses or depositions after the applicable discovery

---

[1] The parties sent a hard copy of the letter to the court's chambers. The court **ORDERS** the parties to file a copy of the letter on ECF by 5:00 p.m. on Monday, January 23, 2011. Any future discovery letters must be filed on ECF.

ORDER RE 12/19/2011 DISCOVERY LETTER
C 10-4996 LB

cut-off are not enforceable, except by order of the Court for good cause shown." N.D. Cal. Civ. L.R. 37-3.

Plaintiff admits that she noticed depositions for nine individuals for December 9, 2011 on short notice. 12/19/2011 Joint Discovery Letter at 3. However, Plaintiff argues that the parties attempted to schedule dates in the month and one half before the discovery cutoff but that the scheduling simply did not work out. *Id.* Plaintiff further observes that she did not object to Defendant's arguable discovery violations. *Id.* Plaintiff also contends that Defendant can just order eight of the nine witnesses to show up because they are county employees. *Id.*

Defendant claims that it made the requested witnesses available on two different dates selected by Plaintiff only to be told at the last minute or after the fact that he would prefer to reschedule for another date. *Id.* Defendant objects to making the witnesses available now that discovery has closed. *Id.* Defendant also objects to Plaintiff's belated attempt to depose five new witnesses because Defendant did attempt to schedule their depositions until four days before the close of discovery. *Id.* Defendant claims that extending discovery would jeopardize its ability to conduct expert discovery and prepare for trial. *Id.* at 5. Defendant further requests that, if the court extends discovery, that all of the dates in the scheduling order should be pushed out further (including the deadline for dispositive motions).

Some cases have held that, for a deposition without production of documents, ten days notice is generally considered reasonable. *See, e.g., Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). But there is no fixed rule because the reasonableness of the notice must be evaluated in light of the circumstances of each particular case. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 327. And, at one end of the spectrum, one-day notice has been found to be reasonable when counsel were all in a foreign city for the taking of depositions and it was understood that the party serving the notice was to take its depositions at that time. *See Radio Corp. of America v. Rauland Corp.*, 21 F.R.D. 113, 115 (N.D. Ill. 1957). Here, Plaintiff noticed the deposition of numerous witnesses just four days before the close of discovery. This does not constitute reasonable notice. But the parties clearly attempted to schedule some of the depositions in the month preceding the close of fact

discovery. More importantly, the court finds that settlement negotiations and the orderly administration of this case might be aided by a fuller factual record.

Accordingly, the court **GRANTS**, in part, Plaintiff's request to take additional depositions. Plaintiff may take depositions for two additional days. Plaintiff may notice no more than four depositions for these two days. To that end, the parties shall meet and confer by January 25, 2012 to schedule the depositions. The depositions must be taken by February 17, 2012 (a date that the court sets to allow the taking of depositions after expert discovery closes). The court expects the parties to take the depositions sooner if counsels' schedules permit. By noon on January 26, 2012, the parties shall notify the court fo the deposition schedule for the fact witnesses and the four expert witness depositions that the court authorized on January 19, 2012.

The court also **ORDERS** the parties to attend a settlement conference before Magistrate Judge Ryu to be conducted as soon as the depositions are concluded (which will be no later than February 17, 2012) and as Magistrate Judge Ryu's schedule permits.

**IT IS SO ORDERED.**

Dated: January 20, 2012

_____
LAUREL BEELER
United States Magistrate Judge