UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| LAURA V WHITSITT,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>COUNTY OF SAN MATEO,<br><br>　　　　　Defendant.<br>_____/ | No. C 10-04996 LB<br><br>**ORDER RE 1/24/2012 JOINT DISCOVERY LETTER**<br><br>[ECF No. 45] |

The parties filed a joint discovery letter on January 24, 2012 in which Plaintiff Laura Whitsitt moves to compel further discovery responses from Defendant County of San Mateo and asks for sanctions. 1/24/2012 Joint Discovery Letter, ECF No. 45 at 1-3. After considering the letter, the court determines that this matter is appropriate for resolution without oral argument. N.D. Cal. L.R. 7-1(b).

Local Civil Rule 37-3 requires any motion to compel to be filed within seven days of the close of discovery. N.D. Cal. Civ. L.R. 37-3. Here, the court set December 9, 2011 as the fact discovery deadline. ECF No. 30 at 1-2. Thus, any motion to compel had to be filed by December 16, 2011. Despite submitting a different discovery issue to the court on this date and appearing in person before the court in the interim, Plaintiff did not bring this discovery dispute to the court's attention until January 24, 2012. 1/24/2012 Joint Discovery Letter, ECF No. 45 at 1.

"Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." N.D. Cal. Civ. L.R. 37-3.

ORDER RE 1/24/2012 JOINT DISCOVERY LETTER
C 10-4996 LB

1  Likewise, Rule 16(b)(4) of the Federal Rules of Civil procedure allows a party to obtain relief from
2  a scheduling order deadline only "for good cause and with the judge's consent." Fed. R. Civ. P.
3  16(b)(4). As discussed at the earlier discovery hearing conducted on January 19, 2012, "good
4  cause" focuses on the diligence of the party requesting a modification.

5      The court first examines whether Plaintiff has established good cause for submitting an untimely
6  discovery dispute.

7      Plaintiff suggests that the delay in bringing the issue to the court's attention was due to her
8  attempts to resolve the issues without the court's intervention and the necessary time for
9  Defendant's alleged bad faith to be revealed. 1/24/2012 Joint Discovery Letter, ECF No. 45 at 2.
10 This general statement is simply insufficient to establish good cause. With regard to Plaintiff's
11 Demands for Inspection Nos. 11, 31, 32, 54, 62, 68, 39, 40, 46, 59 and 70, Plaintiff's failure to
12 establish good cause is particularly obvious. Defendant claims that it served its objections on May
13 31, 2011. *Id.* at 3. Plaintiff does not dispute this and provides no explanation for her failure to move
14 to compel in the 199 days between the receipt of the objections and the deadline to file a motion to
15 compel further discovery responses.

16     Turning briefly to the substance of Plaintiff's motion, the court observes that Plaintiff provides
17 no explanation for why the objections to Plaintiff's Demands for Inspection Nos. 11, 31, 32, 54, 62,
18 68, 39, 40, 46, 59 and 70 were inappropriate. Accordingly, Plaintiff fails to establish that the
19 objections were improper.

20     As regards Plaintiff's Demands for Inspection Nos. 2-10, 14-30, 33-38, 41-45, 47, 50-53, 55-58,
21 60, 61, 63-67, and 69, Plaintiff contends that it has reviewed all of Defendant's responses and knows
22 that additional documents exist to these demands. *Id.* at 2. Plaintiff provides two examples. First,
23 with regard to Demands for Inspection Nos. 2-10, which request email communications about, to, or
24 from Plaintiff, Defendant's production did not include more than 100 pages of emails to and from
25 Plaintiff that are in Plaintiff's possession. *Id.* at 2-3. Related to this issue, Plaintiff contends that
26 Defendant improperly erased Plaintiff's computer and then claimed Plaintiff's "My Documents"
27 folder did not exist once her computer was found. *Id.* at 1. Second, as to Demand for Inspection
28 No. 20, which requested all documents related to all contracts for the Green Job Corps Program,

Plaintiff claims that she knows additional documents exist. *Id.* at 3.

Defendant responds by asserting that it timely served its responses and objections along with its initial document production. *Id.* at 3. Defendant acknowledges that its has subsequently supplemented its productions. *Id.* Defendant asserts that the parties met and conferred regarding the document production and that Defendant has explained that its has fully complied with the requests, subject to the objections contained in its response. *Id.*

With regard to Plaintiff's Demands for Inspection Nos. 2-10, 14-30, 33-38, 41-45, 47, 50-53, 55-58, 60, 61, 63-67, and 69, Defendant argues that many of the requests relate to the second cause of action, which no longer exists. *Id.* at 4. Turning specifically to the emails, Defendant explains that a litigation hold was initiated and a "snapshot" of Plaintiff's email account was taken as soon as Plaintiff filed a government claim with the county. *Id.* Defendant contends that any missing emails must have been deleted by Plaintiff prior to the end of her employment. *Id.* Defendant also notes that Plaintiff appears to have withheld relevant evidence from discovery given her counsel's admission that "e-mails in Plaintiff's possession would be withheld until Defendant's e-mail production was completed." *Id.* With regard to Plaintiff's concerns about the "My Documents" folder on the local drive of her computer, Defendant explains that the first computer used by Plaintiff while employed by the county had been erased while Plaintiff was still employed and before Defendant knew of any claim against it. *Id.* at 4-5. A second computer was discovered and Defendant searched for files attributable to Plaintiff but did not find any. *Id.* at 5. Defendant then offered to make the computer available for inspection by Plaintiff's expert once her counsel and expert signed a stipulated protective order. *Id.*

Although unnecessary to the resolution of this motion given Plaintiff's failure to establish good cause, the court finds that Defendant's proffered explanations fully explain the issues illuminated by Plaintiff and the court has no basis for concluding that Defendant's responses were deficient.

Plaintiff closes its portion of the letter by requesting sanctions. Given the deficiencies in Plaintiff's arguments regarding the underlying issues, the court denies this request. The court observes that Plaintiff's counsel has disregarded the court's deadlines and generally ignored the "good cause" standard necessary to excuse a failure to comply with these deadlines.

ORDER RE 1/24/2012 JOINT DISCOVERY LETTER
C 10-4996 LB

For the foregoing reasons, the court **DENIES** Plaintiff's motion to compel. *See Gofron v. Picsel Technologies, Inc.*, NO. C 09-04041 CW, 2011 WL 3053191, at *8 (N.D. Cal. July 25, 2011) (observing that party's requested discovery was likely unenforceable where it was served after the discovery cutoff and the party did not explain its failure to meet the deadline or move for an extension).

This disposes of ECF No.s 45.

**IT IS SO ORDERED.**

Dated: February 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge

ORDER RE 1/24/2012 JOINT DISCOVERY LETTER
C 10-4996 LB

4