UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| LAURA V. WHITSITT, | No. C 10-04996 LB |
|     Plaintiff, <br> v. | **ORDER GRANTING PLAINTIFF"'S REQUEST TO CONTINUE** |
| COUNTY OF SAN MATEO, | [ECF No. 56] |
|     Defendant. <br>_____/ | |

## I. INTRODUCTION

On March 16, 2012, Plaintiff Laura Whitsitt filed a motion to continue the trial dates. ECF No. 56 at 1. Defendant County of San Mateo opposes the request. ECF No. 57 at 1. The parties jointly requested an abbreviated briefing schedule. ECF No. 56-1 at 1-2. The court conducted a telephonic hearing on March 23, 2012. The court grants Plaintiff's request because Plaintiff needs new counsel who will require time to prepare for the trial.

## II. DISCUSSION

**A. Legal Standard**

A trial court's decision not to grant a continuance is reviewed for abuse of discretion. *Martel v. County of Los Angeles*, 34 F.3d 731, 733 (9th Cir. 1994). In determining whether a district judge has abused his or her discretion in refusing to grant a continuance, the Ninth Circuit considers four factors: (1) the appellant's diligence in attempting to prepare his or her case for the originally-scheduled trial date; (2) the likelihood that the grant of a continuance would have resolved

the problem which led the appellant to seek a continuance; (3) the inconvenience a continuance would have caused the court and the opposing party; and (4) the extent to which the appellant might have suffered harm as a result of the district court's denial. *Id.* (citing *United States v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir. 1985)).

**B. Application of the Four-Factor Standard**

**1. Whether Plaintiff Was Diligent in Attempting to Prepare Her Case for the Originally-Scheduled Trial Date**

Plaintiff asserts that she lost trust and faith in her attorney's abilities. Motion, ECF No. 56 at 3. She explains that she felt forced to take on a variety of tasks that attorneys typically perform while other tasks have not been timely completed to the detriment of her case. *Id.* Plaintiff states that she began to lose trust in her current counsel beginning in November 2011 and, after an extensive search, was able to find new counsel in February 2012. *Id.* at 6. The new counsel, however, agreed to take over the case and substitute in as Plaintiff's new counsel of record only on the condition that the trial date be continued from its' current April 30, 2012 start date. *Id.*

Defendant argues that Plaintiff was not diligent because she should have had her counsel withdraw in November, did not begin to search for new counsel in earnest until December, and waited until March to bring the motion for a continuance. Opposition, ECF No. 57 at 2-3.

Plaintiff counters that although the breakdown in trust began in November, she believed it was not irreparable at this time and attempted to assist her counsel to make improvements. Reply, ECF No. 62 at 2. Plaintiff reiterates that she contacted over 25 attorneys during the period of consultation and searching in earnest. *Id.* Plaintiff also explains that Plaintiff's current counsel recommended that Plaintiff and he wait to part ways until Plaintiff had secured an attorney committed to take Plaintiff's case based on his experience in employment cases where it is difficult to find other counsel that work on contingency and cases are sometimes dismissed if the plaintiff's attorney withdraws from the case before new counsel is obtained. *Id.* at 2-3. Plaintiff further describes the time that it took for her new proposed counsel to review her case and to work on the motion for a continuance. *Id.* at 3-4.

The court finds that Plaintiff was diligent because she worked to repair her relationship with

current counsel and, once that proved infeasible, earnestly searched for new counsel who reasonably needed time to review the case and develop a plan for the transition.

**2. Whether the Grant of a Continuance Will Resolve the Problem Which Led to the Motion for a Continuance**

Plaintiff states that the grant of a continuance would allow her new proposed counsel to take over the case and prepare for the trial. Motion, ECF No. 56 at 6.

Defendant argues that a continuance will not serve any useful purposes because the pleadings are frozen and discovery is closed. Opposition, ECF No. 57 at 3. Given these circumstances, Defendant asserts that is too late for Plaintiff to change course and litigate this case in a different manner or to pursue different theories. *Id.* Defendant also states that it will be very difficult for an attorney to step in at the last minute and successfully prepare for trial when he has not had an opportunity to evaluate the witnesses first-hand or work up the case in a way that fits his view of the claims and defenses. *Id.* Defendant then contends that there are no benefits to Plaintiff having a new attorney for trial and that Plaintiff's concerns about her attorney are unfounded. *Id.* at 3-4. Finally, Defendant states that Plaintiff's involvement has harmed her interests by wasting judicial and county resources with frivolous motions and demands. *Id.*

Plaintiff replies she does not intend to change theories but believes that she must make a change in counsel and that she has greater faith in her new attorney's ability to try the case, even given his lack of involvement in the earlier proceedings. Reply, ECF No. 62 at 3. Plaintiff further explains that a continuance would greatly reduce the workload of Plaintiff that is typically done by attorneys, give her needed time to rest for her medical conditions, and provide additional time to look for work to mitigate damages. *Id.* Plaintiff also observes that Defendant has complained about her current counsel's lack of diligence and timeliness. *Id.* at 3-4.

Based on the its observations of the conduct of Plaintiff's current counsel, the court finds that the grant of a continuance, which would permit Plaintiff's proposed new counsel to take over the case, would resolve the issues driving the request.

**3. Prejudice to the Opposing Party and Court**

Plaintiff asserts that the extent of the prejudice to the opposing party and the court can be

1  minimized by picking a new trial date that is convenient for both parties. Motion, ECF No. 56 at 7.
2  Plaintiff also repeats her argument – that the court has already rejected in the context of scheduling
3  depositions – that the county employees who might be called as witnesses will not be significantly
4  impacted, presumably based on their working for the county. *Id.* Additionally, Plaintiff states her
5  assumption that Defendant is not being charged attorneys' fees because they are using in-house
6  county counsel. *Id.*

7  Defendant argues that, by waiting until the proverbial eleventh hour, Plaintiff has greatly
8  inconvenienced it because it must respond on short notice to the motion, might have difficulties
9  rescheduling the trial, and already has spent a significant amount of time preparing for trial.
10 Opposition, ECF No. 57 at 4. Defendant explains that its counsel charges an hourly rate and bills its
11 clients like any private law firm with the fees and costs associated with this litigation are charged
12 against the Human Services Agency's budget, which is paid for with taxpayer money. *Id.* Also,
13 Defendant asserts that the continuance will require Defendant to prepare for trial twice if the
14 continuance is granted because Plaintiff waited so long to bring this motion and the issues will no
15 longer be fresh by the time a continued trial would take place. *Id.* at 4-5. Defendant also notes that
16 fees for other matters – such as attending a third settlement conference – might accrue. *Id.* at 5.

17 Plaintiff responds by asserting its understanding that, pursuant to San Mateo County Ordinance
18 Code § 2.14.020, county counsel may not charge fees to any agency for which the Board of
19 Supervisors is the governing board or ex officio governing board of the agency (such as the Human
20 Services Agency). Reply, ECF No. 62 at 7. Plaintiff also argues that Defendant will not have to
21 prepare for trial twice if the continuance is granted because the work being done is work preparing
22 the pre-trial filings, which is written work that will not need to be redone. *Id.*

23 **4. Extent of Prejudice to Plaintiff If Continuance Is Denied**

24 Plaintiff asserts that a denial would severely prejudice Plaintiff's chances to be successful at trial
25 and, if denied, that she would continue to seek new counsel. Motion, ECF No. 56 at 7. Defendant
26 asserts its view that proceeding with current counsel is Plaintiff's best option. Opposition, ECF No.
27 57 at 5.

28 Again, based on the its observations of the conduct of Plaintiff's counsel, the court finds that

ORDER
C 10-4996 LB
4


Plaintiff would be prejudiced if her motion was denied.

## III. CONCLUSION

Here, the court finds that three of the four factors weigh in Plaintiff's favor. The other factor – the extent of prejudice to the opposing party – is not sufficient to deny the request. For the foregoing reasons, the court **GRANTS** Plaintiff's request.

Additionally, the court **ORDERS** that discovery remains closed, the length of trial will not extend beyond three days, and the new trial date is scheduled to begin on October 22, 2012. The following are the new deadlines for this case:

| Case Event | Filing Date/Disclosure Deadline/Hearing Date |
|---|---|
| Meet and confer re pretrial filings | 9/11/2012 |
| Pretrial filings due | 9/20/2012 |
| Oppositions, Objections, Exhibits, and Depo Designations due | 9/27/2012 |
| Final Pretrial Conference | 10/11/2012, at 10:30 a.m. |
| Trial | 10/22/2012, at 8:30 a.m. |
| Length of Trial | 3 days |

This disposes of ECF No. 56.

**IT IS SO ORDERED**.

Dated: March 28, 2012

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

ORDER
CV10-04996 LB