UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LAURA V. WHITSITT, | No. C 10-04996 LB |
| Plaintiff, | ORDER RE: JUNE 27, 2012 DISCOVERY LETTER |
| v. | |
| COUNTY OF SAN MATEO, | [ECF No. 70] |
| Defendant. | |

The parties filed a joint discovery letter brief on June 27, 2012 about their discovery disputes. *See* 6/27/2012 Joint Discovery Letter, ECF No. 70. The court held a hearing on July 5, 2012 and now orders an four-hour deposition (including a total break time of up to 30 minutes) additional deposition of Plaintiff at Plaintiff's expense. If Plaintiff needs a reasonable additional break, that is fine, but the time will be added on to the total deposition time.

The parties raised several discrete issues in their letter, and the court addresses them below.

**I. Untimely Document Production: WHIT5495-WHIT6053**

The first issue is that Plaintiff produced some documents late, and the County wanted the documents excluded from trial under Federal Rule of Civil Procedure 37(c). More specifically, on May 15th, two days before Plaintiff's reopened deposition, Plaintiff produced 108 pages of documents, two voice-mail recordings, and a video. *Id.* at 1; Whitsitt Dep. at 444:16-22, ECF No. 70-3 at 4. There were different explanations about what happened and whether it matters. Plaintiff says her prior counsel Mr. Roe must have misplaced them, new counsel tried to fix the errors, the

ORDER (C 10-04996 LB)

late production did not hurt the County, a lot of the information was the Civil Service Code and a Workforce Development Plan that Plaintiff obtained from the County while she was employed (so it was not that much new information), and the County could have asked about everything at the deposition because it had the information two days before. 6/27/2012 Joint Discovery Letter, ECF No. 70 at 2. The County has a different view based on when new counsel started to represent Plaintiff and what new counsel's obligations were. *See id.* at 1.

As the court explained at the hearing, preclusion is premature under Rule 37(c)(1),[1] and under the circumstances, the court is not convinced that it would be appropriate anyway given that new counsel seems to be fixing the discovery problems. The court declines to impose a preclusion sanction and holds instead that the additional deposition fixes the problem sufficiently.

## II. **Plaintiff's Refusal to Supplement Dr. Carlson's Records**

The County also asked the court to exclude Plaintiff's treating psychotherapist, Dr. Kathleen Carlson, from testifying at trial, pursuant to Federal Rule of Civil Procedure 37(c). 6/27/2012 Joint Discovery Letter, ECF No. 70 at 2-3. Dr. Carlson is testifying as an "unretained" expert at trial, as treating physicians often do as – essentially – percipient witnesses. *Compare* Fed. R. Civ. P. 26(a)(2)(C) *with* Fed. R Civ. P. 26(a)(2)(B); *see* Rutter Guide, 11:386. Dr. Carlson produced her chart notes of her sessions with Plaintiff before her deposition (apparently in response to a Rule 34(b) request) and agreed at the deposition – without objection from prior counsel – to keep producing them to the County. *Id.* (The County surmised at the hearing that possibly that was

---

[1] Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). A sanction under Rule 37(c)(1) does not require a violation of a court order as a prerequisite. *Compare* Fed. R. Civ. P. 37(c)(1) *with* Fed. R. Civ. P. 37(b)(2)(A); *see* Schwarzer, Tashima, and Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. before Trial § 11:2340-41 (The Rutter Group 2011) ("Rutter Guide"). Still, the court has broad discretion in applying Rule 37(c) sanctions and may allow the use of evidence untimely disclosed or supplemented. Rutter Guide, 11:1259.

ORDER (C 10-04996 LB) 2

because of the then-looming trial date.)  Thereafter, Dr. Carlson sent the chart notes for two post-deposition therapy sessions but stopped sending them after Plaintiff expressed reluctance.  *See id.*

As the court said at the hearing, this really is about how to get the information, not whether to get it.  The records are subject to a Rule 34(b) request for production, they are relevant, and Plaintiff has a continuing obligation to produce them under Rule 26(e).  It is not Dr. Carlson's responsibility; it is Plaintiff's.  Prior counsel may have wanted to speed it up to do it this way in light of the trial, but it can be done through Plaintiff, and that takes care of the information exchange.

To the extent that there was a suggestion that this issue implicated Dr. Carlson's continuing duty to supplement her expert opinion, unretained experts testifying as percipient witnesses do not prepare written reports.  Instead, Plaintiff's counsel must disclose (and presumably has) the subject matter of an unretained expert's expected testimony and summarize in writing the witness's expected facts and conclusions.  *See* Fed. R. Civ. P. 26(a)(2)(C).  If there is more that develops through the continuing treatment, Plaintiff's counsel will supplement the summary.  *See id.*

In the letter, Plaintiff's counsel asked for the return of any documents obtained through an improper contact, but at the hearing, it was clear that this was just a procedure settled on at the deposition.  And the parties will use the new approach now.

### III. **Plaintiff's Refusal to Answer Questions Regarding E-Mails with Dr. Gervin**

There are also new emails that Plaintiff produced with her primary care physician, Dr. Gervin.  The parties had different perspectives about the appropriateness of the timing of the production (Bates-labeled WHIT5912-5944) three months after discovery closed.  6/27/2012 Joint Discovery Letter, ECF No. 70 at 3-4.  On top of that, the County says that Plaintiff refused to answer questions about them.  *Id.* at 2.

The court discussed the context with the parties and understands the difficulties that Plaintiff's new lawyer tried to fix with discovery.  Still, Plaintiff could (and did) download and produce the documents easily, and they presumably were responsive to Rule 34(b) requests for production.  And as discussed at the hearing, the court views the objections to the questions about them as the sorts of objections that at best should be made and preserved.  But not answering at all (absent privilege or other permissible objection) is not an option (even if Plaintiff's counsel viewed the questioning as

1 repetitive, unhelpful, and stressful to his client).

2 Rather than the preclusion remedy, however, the court orders the additional four-hour deposition
3 of Plaintiff at Plaintiff's expense.

### IV. **Plaintiff's Deliberate Refusal to Answer Questions at Her Deposition**

5 The County points to areas in the deposition where Plaintiff refused to answer questions and
6 delayed. The County also complains that Plaintiff's attorney compounded the problem with
7 frequent, baseless objections and improperly instructed plaintiff not to answer over 20 questions,
8 none of which involved issues of privilege. *Id.* at 4-5.

9 The court reviewed the deposition testimony and generally agrees with the County's
10 characterization of it. *See, e.g., id.,* Exh. C at 407:13-410:21, ECF No. 70-3 at 34-35. Plaintiff
11 seemed evasive, and Plaintiff's tactics wasted time and delayed the whole deposition. The court
12 already has mentioned the issues about Plaintiff's counsel instructing his client not to answer.

13 The new deposition provides the opportunity to fix all of this.

14 As discussed at the hearing, the court agrees with Plaintiff that the extra deposition time is to ask
15 about new or unanswered areas, not to revisit old areas. But at the same time, new information can
16 implicate previously-produced information that was discussed at the prior deposition. The court will
17 rely on the County's appropriate conducting of the deposition to cover what it needs to cover (and
18 gives the County leeway to do that). As the parties discussed at the hearing, Plaintiff's counsel's
19 objections can be deemed preserved so that there is an orderly and quick deposition.

### V. **Further Case Management Conference**

21 At the hearing, the court scheduled a touch-base further case management conference for
22 Thursday, August 9, 2012, at 10:30 a.m. The parties should submit a short updated case
23 management conference statement by August 2 with only new information ((but should include a
24 procedural update about the status of any pending settlement discusions).

25 This disposes of ECF No. 70.

26 **IT IS SO ORDERED.**

27 Dated: July 5, 2012

_____
LAUREL BEELER
28 United States Magistrate Judge

ORDER (C 10-04996 LB)

4