UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LAURA V. WHITSITT,<br><br>        Plaintiff,<br>   v.<br><br>COUNTY OF SAN MATEO,<br><br>        Defendant.<br>_____/ | No. C 10-04996 LB<br><br>ORDER RE: BRIEFING SCHEDULE FOR OPPOSITION TO MOTION OF CURTIS E. ALLEN TO WITHDRAW AS COUNSEL FOR PLAINTIFF |

## I. BACKGROUND

On July 20, 2012, Plaintiff's counsel, Curtis E. Allen filed a motion seeking court permission to withdraw as counsel for Plaintiff Laura V. Whitsitt. Mot. ECF No. 74. Mr. Allen states that he can no longer represent Ms. Whitsitt based on "a total breakdown in our relationship and what I believe are irreconcilable differences." Allen Decl., ECF No. 74 at 3.[1] Ms. Whitsitt does not consent to Mr. Allen's withdrawal. *Id.* The motion is noticed for a September 6, 2012 hearing, which is only two weeks before the parties' pretrial filings are due. *Id.* at 1, 3.

## II. LEGAL STANDARD

Under this District's Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the page numbers at the bottom.

C 10-04996 LB
ORDER

to all other parties who have appeared in the case." Civil Local Rule 11-5(b) further provides:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the Court so directs), unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

"In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) (citing *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec. 1, 2004); *Beard v. Shuttermart of California, Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb.13, 2008); *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996)). As for the reasons why withdrawal is sought, California Rule of Professional Conduct 3-700(c)(1) provides that an attorney may permissively seek to withdraw if his or her client:

> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
>
> (b) seeks to pursue an illegal course of conduct, or
>
> (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
>
> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
>
> (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
>
> (f) breaches an agreement or obligation to the member as to expenses or fees.

Cal. R. Prof. Conduct 3-700(c)(1).

### III. SCHEDULING

In order to ensure that Ms. Whitsitt is given an opportunity to oppose her attorney's motion,

while permitting the court to resolve the issue in advance of the encroaching deadlines, the court ORDERS the following:

1. The court will set Mr. Allen's motion for hearing on August 9, 2012 (already scheduled as a case management conference) at 10:30 a.m.;
2. Ms. Whitsitt must attend the August 9, 2012 hearing in person;
3. Defendant may (but need not) file an opposition to Mr. Allen's motion no later than August 1, 2012;
4. Mr. Allen may (but need not) file a reply to any opposition no later than August 3, 2012; and
5. Mr. Allen will provide his client with a copy of this Order, ECF No. 74, and any opposition.

Any party that cannot attend the August 9, 2012 hearing may contact Judge Beeler's Deputy Clerk, Lashanda Scott, at (415) 522-3140 to obtain a list of alternate hearing dates and times. The parties shall then confer to ascertain the most convenient time to set the hearing and inform Ms. Scott of their preferred date and time.

**IT IS SO ORDERED.**

Dated: July 25, 2012

_____

LAUREL BEELER

United States Magistrate Judge