UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LAURA V. WHITSITT, | No. C 10-04996 LB |
| Plaintiff, | **ORDER RE: AUGUST 17, 2012 DISCOVERY LETTER** |
| v. | |
| COUNTY OF SAN MATEO, | [ECF No. 87] |
| Defendant. | |

The parties filed a joint discovery letter brief on August 17, 2012 – and the court held a hearing on September 4, 2012 – about their latest dispute about whether Plaintiff needs to produce the chart notes of her treating psychotherapist, Dr. Kathleen Carlson. *See* 8/17/2012 Joint Discovery Letter, ECF No. 87. Dr. Carlson had been noticed as an "unretained" expert at trial, the records were subject to a Rule 34(b) request for production, and the court ordered production for the reasons stated in its July 5, 2012 order. *See* Order, ECF No. 72.

Then Ms. Whitsitt withdrew Dr. Carlson as a witness because she was concerned that continuing to designate her as an expert impeded her therapy. *See* 8/17/12 Joint Letter, ECF No. 87 at 4. The issue now is whether she has to produce the records anyway. The county says she does and asks for terminating sanctions because she has not. *See id.* at 1-3.

Here, Plaintiff has alleged severe emotional distress (as opposed to garden-variety distress) as a result of Defendant's discrimination against her based on her disabilities. *See* Complaint, ¶¶ 11-16. She thus has waived the doctor-patient privilege by putting her mental health at issue, and

ORDER (C 10-04996 LB)

Defendants are entitled to obtain the treatment records regarding her injuries. *See Motomayama v. State of Hawaii*, No. C 10-00464 ACK-RLP, 2012 WL 93150, *1 (D. Hawaii June 10, 2012); *Valiavacharska v. Celaya*, No. C 10-4847 JSC, 2011 WL 4479341, *2-*3 (N.D. Cal. Sept. 26, 2011).

The next issue is the mechanism of production. Under Rule 26(a)(1)(A)(iii), Plaintiff must produce documents evidencing her injuries, and she has a continuing obligation to produce records under Rule 26(e). Defendant also is entitled to subpoena relevant records directly from her treating psychotherapist. Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense); *see Motomayama*, 2012 WL 93150 at *1 (describing the time limits of a properly-drafted subpoena); *Valiavacharska*, 2011 WL 4479341 at *2-*3.

The court notes that its prior order to produce the records was grounded on Dr. Carlson's testifying as an expert. The analysis is different now because Dr. Carlson will not testify, but the allegation of severe emotional distress means that the outcome remains the same. The outcome might be different if Plaintiff sought only "garden-variety" emotional distress damages. *See Valiavacharska*, 2011 WL 4479341 at *3. But then, Plaintiff would not be able to introduce expert testimony or medical records to support an emotional distress claim or be allowed to claim any disorder (such as PTSD or nightmares) as a result of the actions leading to her lawsuit. *See id.* (Plaintiff's emotional distress would be limited to that which an ordinary person subject to similar circumstances would experience and that was not prolonged or ongoing).

Ms. Whitsitt shall comply with this order by Friday, September 7, 2012, at noon. The court declines to impose terminating sanctions at this point.[1] As the court explained on the record and

---

[1] "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5)

previously when the County sought terminating sanctions, the main issue has been prejudice to the County. Some of that prejudice has been alleviated by shifting deadlines, and economic costs can be addressed – if appropriate – by having Ms. Whitsitt pay for the unnecessary depositions that she caused. And the court recognizes the struggles that Ms. Whitsitt has experienced with engaging with her litigation. Still, the County has a point about Ms. Whitsitt's behavior (however sincerely motivated she has been by her beliefs that she is right), and the parties' most recent discovery letter lays out some of the issues so far. As the court explained on the record today, there are rules of litigation, and Ms. Whitsitt must obey them, and if she does not, she risks sanctions (including terminating sanctions).

This disposes of ECF No. 87.

**IT IS SO ORDERED.**

Dated: September 4, 2012

LAUREL BEELER
United States Magistrate Judge

---

the availability of less drastic sanctions.'" *Id*. (quoting *Jorgensen*, 320 F.3d at 912 (setting forth five-factor test set forth in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id*. (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

"This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Connecticut General*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs*, 158 F.3d at 1057.

Case3:10-cv-04996-LB Document89 Filed09/04/12 Page4 of 4